The next case is Day v. Boroughof Carlisle, et al., No. 06-3721. Mr. Buckley and Ms. Beatty. May it please the Court, Joe Buckley from Carlisle, Pennsylvania, representing Thomas Day. Do you wish to reserve time for rebuttal? No, Your Honor. Let me ask you a question at the outset here then. You've got matters that are pending in state court, is that correct? That is correct, Your Honor. Is it currently pending before, what, the Pennsylvania Supreme Court? It is pending before the Pennsylvania Supreme Court, and we just got notice this morning that the Supreme Court issued a decision which will be posted later today. They reversed and remanded the Commonwealth Court decision back to the Commonwealth Court to address other issues that were raised at the Commonwealth Court. What other issues? What was before the Commonwealth Court, oh I'm sorry, Your Honor. What other issues? What other issues? What was before the Commonwealth Court and the Supreme Court was whether or not the Civil Service Commission had violated the Sunshine Act under Pennsylvania law. The other issues that are going back to the Commonwealth Court are whether or not they violated the Pennsylvania Constitution, free speech, whether they violated the Pennsylvania Constitution rights of due process, and as well as some federal due process rights. So, well, you see we were checking that doc each day, but I guess we missed yes. Well, counsel just informed me as I walked to the court today that she received it last night at 5 o'clock. Have you ever heard of Harris v. Younger? Harris v. Younger, Your Honor? Supreme Court case that says that the federal courts will not take cases where the matter is being litigated in the state court. If those matters are identical, Your Honor, yes. Or could be identical. That is correct. And is that not exactly what we've got here? No, that's not what we have here, Your Honor. What we have here is the facts may be similar, but the action is not similar. Facts have to be the same, right? I mean, there's not another set of facts out there we're unaware of. Correct. This is the same set of events that's being litigated up through this Pennsylvania Supreme Court, now I guess back down, and here. Have you brought the independent – you lost initially before the Civil Service Commission, is that correct? Correct, Your Honor. So you appealed that to the – Common Pleas Court. Common Pleas Court. Was part of your claim, the First Amendment claim, before the Civil Service Commission and the Common Pleas Court? Yes, there were certain issues of First Amendment both under the Pennsylvania Constitution and under the federal Constitution. Were you the two counsel that argued before the Pennsylvania Supreme Court? No, Your Honor. I was, yes. And were all of these issues argued before the Pennsylvania Supreme Court? No, the only issue before the Supreme Court was the state issue on the Open Meeting Law, Sunshine Act, Pennsylvania, how it applies to Civil Service Commission hearings. Because that was the only issue that the Commonwealth Court had decided, right? That was the only issue the Commonwealth Court decided on. They said, we rule on that, so we're not going to look at any other issues. And you may not have this in itself at this point, but you're telling me it's your understanding that the court said what? You don't have to have an open meeting? I'm not sure what it said. I believe so because they reversed and remanded, and they probably sent it back to the Commonwealth Court to address the 10 or 11 other issues which we had raised before. How does this case before us differ from the case in the Pennsylvania court? Well, although the facts are the same, we have raised the defamation action. And could you have raised that in the state court? Not under that action. That was an administrative appeal. Okay, but you have federal jurisdiction to raise the defamation in this case? Yes, we have concurrent jurisdiction to raise that in this case. I mean, with that concurrent jurisdiction, in short, you don't have diversity, right? No. The only way you'd have that in our court is if somehow it were hanging on to your federal constitutional process. That is correct, Your Honor. So if the matter is remanded back to the Pennsylvania Commonwealth Court, and it is as you think it might be that the meeting need not have been opened, then you're saying that the Pennsylvania Commonwealth Court has to deal with all of the other matters that you have brought up. Is that correct? That is correct, Your Honor. Now, did those other matters, did they include claims for monetary damages? No, you can't make a claim for monetary damage under the law in Pennsylvania for that. That was one of the reasons we had brought the federal action as well. Well, let me pick up where Judge Roth started this. The case that she's talking about, Harris v. Younger, talks about the federal courts are not going to interfere in state court criminal matters. The Supreme Court has extended that to state law proceedings and to administrative law proceedings. The question here becomes, and it's obviously because of federalism concerns, why should we get involved in something, in fact, something that involves the constitutional law when it may be resolved at the state court level? One of the things that we can't do in the state court, Your Honor, is get compensatory damages. All he can get is his job back. He would get his job back with back pay. Okay. Well, you say he can't get compensatory damages. I mean, he can certainly get back pay, and whether you call that equitable relief or you call it damages, which is a nice academic term that works its way into the law sometimes, he can be made whole for those damages or those problems that occur by being out of work when he was, as you see it, wrongfully fired, right? Correct. The only kind of damage he can't get, if I'm hearing you right, in that state proceeding is defamation damages that you want. Am I understanding you correctly? That is correct. Okay. Is there any administrative issues yet to be resolved? And I apologize if you can't answer this because you haven't seen this in six months. Sure. We have two organs in a row. We're a little bit at sea here. But I'm wondering if a possible outcome of this reversal remand is yet a further remand down the chain to the borough's civil service commission for some administrative action. No, there would not be on this, Your Honor. No. I do not believe so. The issue, again, was whether or not the hearing should be open under the Sunshine Act. And if the court said no, it didn't have to be open, then it would go back to the Commonwealth Court to rule on the other legal issues. It wouldn't go all the way back to the… There wouldn't be any administrative thing yet to be done in light of the course of court proceedings since then. In other words, let me ask this smartly. Did the Commonwealth Court, the court of common pleas, ever send stuff back to the administrative level to say, look, you should have looked at this, you didn't look at this, look at this? The Commonwealth Court can do that. The Supreme Court would not. They would send it back to the Commonwealth Court. Aren't you asking us to come to decisions which may be different from the decisions that the state court system is going to come to in this case? And isn't that a violation of the respect and the consideration that we should give to the state court system? And isn't that why Harris v. Younger abstention is a doctrine that the federal courts honor and that many circuits have said we can raise ourselves to respond to it? Well, hopefully, we hope that every court would come to the same conclusion with the given facts of the case. Again, in this case, I do believe there's a case of controversy still here before for federal issues differing from the state issues that are before the… Well, you said you brought federal constitutional issues in the state court system, and you certainly could have brought if there were federal constitutional issues you didn't bring, you could have. The one issue, Your Honor, that I would have with my client in this particular case is that we do have something on the record from the district court already. Well, but maybe the district court should have itself said to you all, hang on, this is being litigated in the state courts, we are not going to get involved in this. Council and I had had discussions regarding that, whether or not we should hold this and hold this argument until such time as the resolution, at least in the Supreme Court, to make a determination what we wish to do at that point. What was the outcome of those discussions? Those discussions were that we thought it should go forward. Because? Because you would have to ask counsel why she wanted it to go forward. Speaking for yourself. Speaking for myself, I would have preferred to wait. You would have preferred to wait? Yes. Okay. At this point, maybe we ought to hear from counsel. I'm not sure. May it please the Court, Vicki Beatty on behalf of the Applebee's. Maybe the first question would be is, you had discussions about whether you should ask the federal court, the district court to stay its hand and possibly our court to stay its hand until the state court matters are resolved. And it seems the implication is that you were opposed to that. Is that correct? Actually, Your Honor, on our motion to dismiss originally in this case, we had asked the district court to abstain from exercising its jurisdiction. That motion to dismiss was denied. That was Colorado River abstention? That was Colorado River abstention. And what about abstention under Harris v. Younger and his progeny? Well, on the Younger abstention issue, and certainly I've read through these abstention cases, and I do believe that the federal court should abstain in this matter. The issue, and I'll get back to that in a minute, but I did want to answer your prior question. The issue regarding the discussions between counsel had to do with settlement of the discussions and the mediation process to the Third Court Circuit's mediation procedure. And it was an effort to attempt to settle the cases. It was not an issue regarding whether or not it was appropriate for the federal court to exercise its discretion to abstain in this regard. There was never any discussion about that. Do you still wish us to abstain then? I do believe that it is appropriate to abstain. I do believe that it is appropriate for the state court system to deal with the Civil Service Commission appeal in the appropriate context. This is one of those issues, and we raised this before Judge Cain, perhaps on the wrong abstention theory under Colorado River. But we had argued these precise issues, that all of the issues raised in the federal court complaint were also raised in the appeal from the Civil Service Commission, initially to the common police court, and ultimately on appeal to Commonwealth Court. The First Amendment, free speech issues, the freedom of association issues, the due process issues. The only issue that is different in the federal court proceeding is the defamation claim that is a state action and could be filed or could have been filed in state court. All of the remaining claims- And could not, in and of itself, have been filed in federal court. Could not have been filed in federal court independently. All of those claims and the claims that have been precisely raised in this litigation in federal court were decided by the common police court judge initially, not in the appellant's favor. So there was already one decision that has ruled that there is no First Amendment violation on either free speech or freedom of association, that there were no due process violations. What we do not know at this point in time, unfortunately, all I have is a docket sheet from the Supreme Court. Entered on the docket yesterday was an order reversing and remanding to Commonwealth Court. Both Mr. Buckley and I can speculate as to what the effect of that order is. And as of 8.15 this morning, I attempted to see if the opinion was posted, and it was not. Do you have any objection to our staying this case or dismissing it without prejudice under Harris v. Younger? I have no objection to the court exercising its discretion to abstain. What I don't know the answer to, and I apologize that I don't know the answer to this, I certainly do not want to restart this litigation at some point afterwards, if necessary, based on a ruling or a perceived difference between what the state court has ruled and what may be viable in this court. Let me ask a question, if I may, about whether there's any live question with respect to administrative action. The same question that I asked the appropriate counsel. There's evidently a remand to the Commonwealth Court. Is there cases like this involving these issues? Now that it's been said, apparently, we don't know, but apparently said, you don't have to have an open hearing. May there nevertheless be a need for administrative action, depending on what the Commonwealth Court does with the issues that have been handed back to it by the Supreme Court? I would say that it is rare in Civil Service Commission appeals for there to be a remand to the Civil Service Commission, but having said that, the Commonwealth Court, in its prior opinion on the Sunshine Act issue at the end of its decision, indicated that it was not deciding any of the other issues, but then went on to say that on remand, it was also looking for the Civil Service Commission to inquire into whether or not the bargaining unit, the police officer's bargaining unit, was certified by the Pennsylvania Labor Relations Board or whether it was simply an informal association of officers. That leads me to believe that if the matter is remanded for consideration by the Commonwealth Court on all of the other issues, there is a possibility that the Commonwealth Court may remand. Did you get an answer to that question? It is possible. We've conferred very briefly at this meeting. You've seen us do. Although there may likely be an opinion to follow, I think the Court is inclined to abstain on this matter. Pending the decision from the Pennsylvania Supreme Court, pending the outcome of proceedings before the Pennsylvania Commonwealth Court, and if there's any remand from the Civil Service Commission as well, we will probably ask the parties to supply us with, as we have done in the previous cases, with reports from time to time. It may not be monthly, but we'll confer on that and get back to you. But it is our consensus that we should abstain, and it appears that there's no objection of either of the counsels. Thank you very much. I appreciate your coming down today. In one sense, it's been helpful to us, and I think there's a lot of things that need to get sorted out before we even consider whether we want to enter into the fray of this. Thank you. The next case for which there will be no questions...